IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERIC S. SMITH,

        **Petitioner,**

v.

STATE OF ILLINOIS,

        **Respondent.**

Case No. 3:23-CV-00737-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Eric S. Smith, an inmate incarcerated at Menard Correctional Center within the Illinois Department of Corrections ("IDOC"), seeks to challenge his conviction entered in Cook County, Illinois. (Doc. 1). In his state court conviction (No. 09CR2101801), Smith was sentenced to 45 years' imprisonment for murder and 18 years for attempted murder to be served consecutively for a total of 63 years' imprisonment. (*Id.*). Smith has been in custody of IDOC since 2011.[1]

This matter is before the Court on preliminary review of the Petition[2] under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by Smith. (Doc. 1). Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court,

---

[1] https://idoc.illinois.gov/offender/inmatesearch.html (last visited Aug. 2, 2023).
[2] Smith also filed an "Amended Petition" (Doc. 4) and a "Second Amended Petition" (Doc. 10), but the initial Petition contains the substance of his claims and states his grounds for relief.

the judge must dismiss the petition and direct the clerk to notify the petitioner."

In Smith's Petition, the grounds for relief presented are unclear. As Ground One for relief, Smith states: "Lack of Jurisdiction (as to sum, person, subject matter). Any objection to the charging instrument by and thru (sic) waiver of objection under a statutory jurisdiction; a transparent (illegible) which falls under the Uniform Commercial Code disallows the detainment and, and (sic) of the jurisdiction of the 'person' and/or actual person. Note – objection equivalent to disqualification." (Doc. 1). As Ground Two for relief, he writes: "Plaintiff Disqualification. Any lien or claim must be satisfied by rebuttal threw (sic) a counter affidavit on a point for point basis, a settlement or a resolution by a jury. Maxim 10 U.C.C. Uniform Commercial Code Affidavit attached rebut affidavit of code judgment that was thus far consented to by petitioner rendering detainment by way of 'waiver' unlawful." (*Id.*) In Ground Three, Smith declares: "Straw Man. Petitioner ask (sic) the Court to accept per affidavit his method of the Strawman, separately his name, a corporate entity as collateral from his actual person. For the name Eric Smith is quite different and a separate entity from the actual person of Eric S. Smith as proclaimed by any objection to the contrary." (*Id.*) As Ground Four, he asserts: "Defaulted Judgement (sic). A motion was filed of 'Relief from Judgement (sic),' 6 months have ensued with no answer or reply denying the petitioner the right to appeal the matter to a higher court. Procedural Default. A default judgement (sic) by law warrants a dismissal." (*Id.*)

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2254 when a petitioner is challenging the fact or duration of confinement, and if he seeks immediate

or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Habeas relief may be granted where the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). Based on his Petition, it plainly appears to the Court that none of these grounds entitles Smith to relief cognizable under 28 U.S.C. § 2254. As such, the Court finds that the Petition must be dismissed. Smith's subsequent amended petitions (Docs. 4, 10) are equally devoid of cognizable grounds for habeas relief.[3]

Even if Smith's Petition raised a right to relief, the Court would dismiss the Petition on an alternative basis. "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1), (c)). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *Id.* at 842. "The exhaustion requirement provides the State an opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Bolton v. Akpore*, 730 F.3d 685, 694 (7th Cir. 2013) (internal quotation marks omitted).

To satisfy the statutory exhaustion requirement, "a petitioner must assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *Wilson v. Cromwell*, 69 F.4th

---

[3] In portions of his amended petitions, Smith includes former filings such as a "Relief from Judgment" Motion filed in Cook County last year regarding his mental health, an insanity defense, and a lack of evidence for his conviction. These topics, however, are not described with much detail or included as grounds for relief.

410, 420 (7th Cir. 2023) (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014)). "The complete round rule means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* (internal quotation marks omitted). In Illinois, that includes a petition for leave to appeal to the Illinois Supreme Court. *Soto v. Truitt*, No. 96 C 5680, 2023 WL 112585, at *8 (N.D. Ill. Jan. 5, 2023) (citing *O'Sullivan*, 526 U.S. at 845).

Here, Smith states that his "direct appeal is currently pending."[4] Accordingly, his claims would necessarily be dismissed to allow for exhaustion in state court.

## DISPOSITION

For these reasons, the Petition under 28 U.S.C. § 2254 for Writ for Habeas Corpus filed by Petitioner Eric S. Smith (Doc. 1) is **DENIED without prejudice**. All other pending motions are **DENIED as moot.** The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability is required to appeal from the dismissal or denial of a Section 2254 petition. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate of appealability to

---

[4] In the Petition, it is unclear what appeal Smith has pending. He references an appeal in the Appellate Court of Illinois, First Judicial District, with Case Number 1-22-0365. Smith also describes a "Relief from Judgment" Motion and a "Motion to Dismiss" filed in his underlying criminal case that are potentially pending as well.

issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 580 U.S. 100, 115 (2017). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Here, no reasonable jurist would find it debatable that this Court's ruling on the issue of either constitutional claims (if there are any presented in this Petition) or exhaustion is correct. Accordingly, the Court denies a certificate of appealability. Smith may reapply to the United States Court of Appeals for the Seventh Circuit for a certificate of appealability if he wishes to pursue an appeal. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

## NOTICE

If Smith wishes to appeal the dismissal of this action, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). Smith must list each issue he intends to appeal in the notice of appeal and in his motion for leave to appeal *in forma pauperis*, if he chooses to file one. *See* FED. R. APP. P. 24(a)(1)(C). If Smith chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than

28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

DATED: August 2, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**